IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUMAN KATHURIA,

    Plaintiff,

vs.                                                          No. CIV   11-539-JP/ACT

OSO BIOPHARMACEUTICALS, LLC,
and STUART ROSE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Defendant Oso Biopharmaceuticals, LLC ("Oso Bio") filed a Motion for Partial Dismissal,[1] asking the Court to dismiss some of the claims brought by Plaintiff Suman Kathuria against Oso Bio. The Court concludes that Oso Bio's Motion for Partial Dismissal should be denied as moot because the defects asserted by Oso Bio have been cured.

On June 17, 2011, Plaintiff Suman Kathuria filed a Complaint[2] against Defendants, Oso Bio and Stuart Rose, asserting seven claims: (1) Count I for discrimination on the basis of race/national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), (2)

---

[1] On September 1, 2011, Defendant Oso Bio filed DEFENDANT OSO BIO'S MOTION FOR PARTIAL DISMISSAL (Doc. No. 10) (Motion for Partial Dismissal). On October 31, 2011, Plaintiff Suman Kathuria filed her RESPONSE IN OPPOSITION TO DEFENDANT OSO BIO'S MOTION FOR PARTIAL DISMISSAL (Doc. No. 22). On November 14, 2011, Oso Bio filed DEFENDANT OSO BIO'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL (Doc. No. 28).

[2] On June 17, 2011, Plaintiff filed her COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, § 1983 VIOLATIONS, NMHRA VIOLATIONS AND BREACH OF CONTRACT (Doc. No. 1) (Complaint). On September 1, 2011, Defendant Oso Biopharmaceuticals, LLC, filed DEFENDANT OSO BIO'S ANSWER (Doc. No. 9) (Answer).

Count II for discrimination on the basis of sex in violation of Title VII, (3) Count III for discrimination on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), (4) Count IV for retaliation, (5) Count V for violation of 42 U.S.C. § 1983 (Section 1983), (6) Count VI for violation of the New Mexico Human Rights Act (NMHRA), and (7) Count VII for breach of contract and interference with contractual rights. *See* Complaint at 4-7.

In its Motion for Partial Dismissal, Oso Bio asks the Court to dismiss Plaintiff's Section 1983 claim, breach of contract claim, and interference with contractual rights claim against Oso Bio. Oso Bio argues that it cannot be liable under Section 1983 because Oso Bio is not a state actor. Motion for Partial Dismissal at 2-3. Oso Bio contends that Plaintiff's breach of contract claim should be dismissed because Plaintiff has not alleged that a contract existed between Plaintiff and Oso Bio and because Plaintiff has not specified the terms of any contract. *Id.* at 3-4. Finally, Oso Bio argues that Plaintiff has failed to allege most, if not all, of the elements of the tort of interference with contract. *Id.* at 7-8.

On October 28, 2011, the parties stipulated under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure to dismiss with prejudice Plaintiff's claim for violation of Section 1983. *See* STIPULATION OF DISMISSAL (Doc. No. 19).

On December 15, 2011, Plaintiff moved the Court for leave to file an Amended Complaint[3] and attached her proposed Amended Complaint as "Exhibit A." On December 19, 2011, the Court held a telephone conference to discuss Plaintiff's Motion to Amend. Attorney Karen Mendenhall participated on behalf of Plaintiff. Attorney Scott Gordon participated on behalf of Defendants Oso Bio and Stuart Rose. On December 20, 2011, the Court granted

---

[3] Plaintiff filed a MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. No. 36) (Motion to Amend).

Plaintiff 's Motion to Amend. *See* ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT (Doc. No. 38).

On January 5, 2012, Plaintiff Kathuria filed an Amended Complaint.[4] In her Amended Complaint, Plaintiff Kathuria does not allege a violation of Section 1983. Additionally, Plaintiff has clarified her breach of contract claim by alleging that Defendants breached Plaintiff's employment contract with Oso Bio. *See* Amended Complaint at 9. Finally, in the Amended Complaint Plaintiff does not assert a claim for interference with contractual rights but instead alleges that Defendants breached the covenant of good faith and fair dealing, which is implied in Plaintiff's employment contract with Oso Bio. *See id.* at 10.

An amended complaint supersedes the original complaint. *Miller v. Glantz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *see Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (explaining that an amended complaint "renders the original complaint without legal effect" (quotation marks and citation omitted)). A defendant's motion to dismiss may be rendered moot if the plaintiff files an amended complaint that cures the asserted defects in the superceded complaint. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383 (10th Cir. 1997) (recognizing that the filing of an amended complaint rendered moot a previous Rule 12 motion).

The Court concludes that Oso Bio's Motion for Partial Dismissal should be denied as moot. Plaintiff's Section 1983 claim has been dismissed, *see* STIPULATION OF DISMISSAL

---

[4] Plaintiff filed an AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, NMHRA VIOLATIONS, BREACH OF CONTRACT, AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (Doc. No. 40) (Amended Complaint). On January 11, 2012, Defendants Oso Bio and Stuart Rose filed DEFENDANTS' ANSWER TO AMENDED COMPLAINT (Doc. No. 41).

(Doc. No. 19), and Plaintiff's Amended Complaint cures the other defects asserted by Oso Bio in its Motion for Partial Dismissal.

**IT IS ORDERED THAT** DEFENDANT OSO BIO'S MOTION FOR PARTIAL DISMISSAL (Doc. No. 10) is denied as moot.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE