IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUMAN KATHURIA,

 Plaintiff,

vs.             No. CIV 11-539 JAP/ACT

OSO BIOPHARMACEUTICALS, LLC,
and STUART ROSE,

 Defendants.

**MEMORANDUM OPINION AND ORDER**

On June 17, 2011, Plaintiff Suman Kathuria filed a Complaint[1] alleging seven counts

against Defendants Oso BioPharmaceuticals, LLC, (Oso Bio) and Stuart Rose, arising out of

Plaintiff's employment at Oso Bio. On September 1, 2011, Defendant Rose filed a Motion to

Dismiss,[2] asking the Court to dismiss with prejudice all claims against him under Rule 12(b)(1)

and Rule 12(b)(6) of the Federal Rules of Civil Procedure. On December 20, 2011, the Court

filed an ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT (Doc. No. 38)

(Order). In the Order, the Court stated that Defendant Rose's Motion to Dismiss will apply to

---

[1] On June 17, 2011, Plaintiff filed a COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, § 1983 VIOLATIONS, NMHRA VIOLATIONS AND BREACH OF CONTRACT (Doc. No. 1) (Complaint). On September 1, 2011, Defendant Oso Biopharmaceuticals, LLC, filed DEFENDANT OSO BIO'S ANSWER (Doc. No. 9).

[2] On September 1, 2011, Defendant Rose filed DEFENDANT STUART ROSE'S MOTION TO DISMISS (Doc. No. 11) (Motion to Dismiss). On October 31, 2011, Plaintiff filed a RESPONSE IN OPPOSITION TO DEFENDANT ROSE'S MOTION FOR DISMISSAL (Doc. No. 23) (Response). On November 14, 2011, Defendant Rose filed DEFENDANT STUART ROSE'S REPLY IN SUPPORT OF MOTION TO DISMISS (Doc. No. 27) (Reply).

relevant parts of Plaintiff's Amended Complaint, once the Amended Complaint is filed. *See*

Order at 4. On January 5, 2012, Plaintiff filed an Amended Complaint.[3] The Court has

considered the parties' briefing, the Amended Complaint, and the relevant law, and the Court

concludes that Defendant Rose's Motion to Dismiss, as applied to the Amended Complaint,

should be granted in part under Rule 12(b)(6) and denied in part.

## FACTUAL BACKGROUND

In the Amended Complaint Plaintiff alleges the following facts, which the Court accepts

as true for purposes of ruling on Defendant Rose's Motion to Dismiss. *See Mobley v.*

*McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true."). Plaintiff is a female Canadian citizen of East Indian descent who was 54

years old as of January 5, 2012. Amended Complaint ¶ 2. Defendant Rose is the President and

Chief Executive Officer of Oso Bio, a limited liability company that manufactures injectable

medications in Albuquerque, New Mexico. *Id.* ¶¶ 3-4, 15. On December 16, 2008, Defendant

Rose extended an offer of employment at Oso Bio to Plaintiff for the position of Vice President,

Quality. *Id.* ¶ 10. The offer of employment provided for a specified salary, bonuses, participation

in Restricted Class C Units ("Oso Bio Shares"), and other benefits. *Id.* ¶ 11.

On December 17, 2008, Plaintiff accepted the offer of employment. *Id.* ¶ 12. Plaintiff

resigned from her employment in Delaware and relocated from Delaware to Albuquerque. *Id.* ¶

---

[3] On January 5, 2012, Plaintiff filed an AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, NMHRA VIOLATIONS, BREACH OF CONTRACT, AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (Doc. No. 40) (Amended Complaint). On January 11, 2012, Defendants filed DEFENDANTS' ANSWER TO AMENDED COMPLAINT (Doc. No. 41) (Answer to Amended Complaint).

13. Plaintiff worked at Oso Bio from February 2009 through March 2010 in the position of Vice President, Quality, and she reported directly to Defendant Rose. *Id.* ¶¶ 16, 31. As a contractual term of her employment, Oso Bio's immigration lawyers worked to obtain permanent resident status for Plaintiff. *Id.* ¶ 14.

During Plaintiff's employment with Oso Bio, Plaintiff represented Oso Bio in meetings with the FDA, presented professional papers within the pharmaceutical industry, and hosted a New Mexico Board of Pharmacy audit that resulted in the renewal of Oso Bio's license. *Id.* ¶¶ 17, 19-21. Additionally, under Plaintiff's leadership, Oso Bio received approval to manufacture the H1N1 vaccine. *Id.* ¶ 22. Plaintiff's work during her employment with Oso Bio increased Oso Bio's positive recognition within the pharmaceutical industry, garnering approval from Defendant Rose. *Id.* ¶ 18.

In 2009, Plaintiff learned that certain employees who reported to Plaintiff had received promotions and preferential treatment at Oso Bio due to the employees' personal relationship with Plaintiff's predecessor. *Id.* ¶ 23. At least one of these employees, an Anglo male, was under qualified for his position. *Id.* Another Oso Bio employee, an Anglo female who is younger than Plaintiff, received preferential treatment due to the employee's romantic relationship with an Oso Bio Vice President. *Id.*

Plaintiff complained about her coworkers receiving preferential treatment based on personal relationships and about the extramarital affairs and sexual flirtations that were occurring in the workplace. *Id.* ¶¶ 25-26. Plaintiff also complained about discrimination, sexual harassment, and a hostile work environment. *Id.* ¶ 27. After Plaintiff complained, her coworkers unfairly criticized, humiliated, and degraded Plaintiff. *Id.* ¶ 28. Additionally, Defendant Rose undermined Plaintiff's authority and her communication and leadership skills, and he

3

encouraged other employees to isolate Plaintiff in the workplace. *Id.* ¶ 28.

In November 2009, Defendant Rose placed Plaintiff on a Performance Development Plan

(PDP), which Plaintiff found unfair and unreasonable. *Id.* ¶ 29. Plaintiff was subject to the PDP

and other performance requirements while other similarly situated employees, including Vice

Presidents and supervisors, were not. *Id.* In Plaintiff's view, Defendants placed Plaintiff on a

PDP with the intent of harassing Plaintiff and creating a hostile work environment. *Id.* Plaintiff

believed the PDP and other performance requirements to be discriminatory, based on Plaintiff's

national origin, race, sex, and age. *Id.*

On March 5, 2010, Defendants terminated Plaintiff's employment with Oso Bio and

interfered with Plaintiff's contractual rights and benefits by refusing to fairly calculate Plaintiff's

bonus and refusing Plaintiff's participation in Oso Bio Shares. *Id.* ¶¶ 31-33. Defendants

continued to use Plaintiff's name in promotional advertisements for Oso Bio after Plaintiff's

employment was terminated. *Id.* ¶ 34. Plaintiff alleges that Defendants' actions resulted in

damage to Plaintiff's reputation, severe emotional distress, and lost employment wages, Oso Bio

Shares, and benefits. *Id.* ¶¶ 36-38. After losing her job at Oso Bio, Plaintiff was unable to find

employment in New Mexico and was forced to relocate to Canada, incurring costs and expenses.

*Id.* ¶ 35.

## PROCEDURAL BACKGROUND

On June 17, 2011, Plaintiff filed a Complaint against Defendants Oso Bio and Stuart

Rose, including the following seven counts: (1) Count I for discrimination on the basis of

race/national origin in violation of Title VII, Complaint ¶¶ 25-28; (2) Count II for discrimination

on the basis of sex in violation of Title VII, *id.* ¶¶ 29-32; (3) Count III for discrimination on the

basis of age in violation of the Age Discrimination in Employment Act (ADEA), *id.* ¶¶ 33-36;

(4) Count IV for retaliation, *id.* ¶¶ 37-39; (5) Count V for violation of 42 U.S.C. § 1983, *id.* ¶¶ 40-44; (6) Count VI for violation of the New Mexico Human Rights Act (NMHRA), *id.* ¶¶ 45-48; and (7) Count VII for breach of contract and interference with contractual rights, *id.* ¶¶ 49-52.

On September 1, 2011, Defendant Stuart Rose filed his Motion to Dismiss, asking the Court to dismiss all seven counts of the Complaint against him. Defendant Rose argues that he cannot be liable to Plaintiff under Section 1983 because Defendant Rose is not a state actor. Motion to Dismiss at 5. Defendant Rose asserts that the Title VII and ADEA claims should be dismissed as alleged against him because Title VII and ADEA claims cannot be brought against individual supervisors. *Id.* at 2-3. Defendant Rose contends that Plaintiff's claims under the NMHRA should be dismissed because Plaintiff failed to exhaust her administrative remedies against Defendant Rose. *Id.* at 5-6. Defendant Rose notes that, although Plaintiff appears to allege a claim for retaliation, Plaintiff did not make clear in the Complaint whether she is alleging a statutory claim for retaliation or a common law claim for retaliation. *Id.* at 3-4. Thus, regarding Plaintiff's retaliation claim, Defendant Rose argues that (1) Defendant Rose cannot be liable to Plaintiff for retaliation under Title VII or the ADEA because he was not Plaintiff's employer, (2) Defendant Rose cannot be liable to Plaintiff for retaliation under the NMHRA because Plaintiff did not exhaust her administrative remedies, and (3) Defendant cannot be liable for the tort of retaliatory discharge because a claim of retaliatory discharge only lies against the employer, and not the individual supervisor. *Id.* Finally, Defendant Rose asks the Court to dismiss Plaintiff's contract law claims, arguing that Defendant Rose never entered into a contract with Plaintiff. *See id.* at 6-8.

On October 28, 2011, the parties stipulated under Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure to dismiss with prejudice Plaintiff's claim for violation of Section 1983

as alleged against both Defendants. *See* STIPULATION OF DISMISSAL (Doc. No. 19).

On December 15, 2011, Plaintiff filed a MOTION FOR LEAVE TO FILE AMENDED

COMPLAINT (Doc. No. 36) (Motion to Amend) and attached her proposed Amended

Complaint as "Exhibit A" (Doc. No. 36-1). On December 20, 2011, the Court entered an Order

granting Plaintiff leave to file an Amended Complaint. *See* Order (Doc. No. 38). In the Order,

the Court stated that if Plaintiff filed an Amended Complaint, Oso Bio's Motion for Partial

Dismissal would be dismissed as moot, and Defendant Rose's Motion to Dismiss would be

applied to relevant parts of Plaintiff's Amended Complaint. *Id.* at 4-5. Additionally, the Court

noted that an opinion filed by the New Mexico Supreme Court on December 14, 2011, *Lobato v.*

*State of New Mexico Environment Department*, 2012-NMSC-002, ___ N.M. ___, 267 P.3d 65,

may affect Defendant Rose's arguments regarding Plaintiff's claims under the NMHRA. *Id.* at 4.

The Court granted Defendant Rose permission to file a supplemental brief regarding the *Lobato*

opinion. *Id.*

On January 4, 2012, Defendant Rose filed a Supplemental Brief addressing the effect of

the *Lobato* opinion.[4] In *Lobato*, the New Mexico Supreme Court held that the Charge of

Discrimination form used by the New Mexico Department of Workforce Solutions failed to give

claimants a fair and adequate opportunity to exhaust administrative remedies against individual

---

[4] On January 4, 2012, Defendant Rose filed DEFENDANT STUART ROSE'S
SUPPLEMENTAL MEMORANDUM BRIEF REGARDING MOTION TO DISMISS (Doc.
No. 39) (Supplemental Brief). On January 30, 2012, the Court sent Plaintiff's counsel a letter,
requesting that Plaintiff file a Response. On February 10, 2012, Plaintiff filed a RESPONSE IN
OPPOSITION TO DEFENDANT ROSE'S SUPPLEMENTAL BRIEF REGARDING MOTION
TO DISMISS (Doc. No. 48) (Response to Supplemental Brief).

defendants and that claimants who used the form are not required to exhaust their administrative remedies before suing an individual defendant in district court. *See Lobato*, 2012-NMSC-002, ¶¶ 1, 16. Defendant Rose concedes that, under *Lobato*, Plaintiff was not required to exhaust her administrative remedies against Defendant Rose by naming him on the Charge of Discrimination form. Supplemental Brief at 2. Accordingly, Defendant Rose withdrew his Motion to Dismiss with respect to Plaintiff's claim for *discrimination* under the NMHRA. *Id.* However, Defendant Rose argues that Plaintiff's claim for *retaliation* under the NMHRA should be dismissed because Plaintiff failed to allege retaliation on her Charge of Discrimination form. *Id.* at 2-5.

On January 5, 2012, Plaintiff filed an Amended Complaint, including seven counts: (1) Count I for discrimination on the basis of race (East Indian) and national origin (East Indian and Canadian) in violation of Title VII, Amended Complaint ¶¶ 39-42; (2) Count II for discrimination on the basis of sex (female) in violation of Title VII, *id.* ¶¶ 43-46; (3) Count III for discrimination on the basis of age (52 years old) in violation of ADEA, *id.* ¶¶ 47-50; (4) Count IV for "retaliation," *id.* ¶¶ 51-53; (5) Count V for "discriminating and retaliating against Plaintiff and terminating Plaintiff's employment" in violation of the NMHRA, *id.* ¶¶ 54-57; (6) Court VI for breach of contract, *id.* ¶¶ 58-61; and (7) Count VII for breach of the covenant of good faith and fair dealing, *id.* ¶¶ 62-66. Plaintiff named Oso Bio as a Defendant in all seven counts of the Amended Complaint. Plaintiff named Stuart Rose as a Defendant in Count V, Count VI, and Count VII of the Amended Complaint.

**DISCUSSION**

In light of the procedural history described above, the Court now considers Defendant

Rose's Motion to Dismiss the claims in Plaintiff's Amended Complaint.[5] Some of the arguments

Defendant Rose made in the Motion to Dismiss are now moot due to documents subsequently

filed by the parties. Defendant Rose's Motion to Dismiss Plaintiff's discrimination claims under

Title VII and the ADEA will be denied as moot because Plaintiff did not name Stuart Rose as a

defendant in Count I, Count II, or Count III of the Amended Complaint. Defendant Rose's

Motion to Dismiss Plaintiff's claim for discrimination under the NMHRA, as alleged in part of

Count V of the Amended Complaint, will be denied as moot because in the Supplemental Brief

Defendant Rose withdrew his Motion to Dismiss this claim.

The rest of the arguments Defendant Rose made in the Motion to Dismiss, as clarified in

the Supplemental Brief, remain relevant and will be applied to Plaintiff's claims as asserted in

the Amended Complaint. The Court concludes that Plaintiff's retaliation claims, as alleged in

Count IV and part of Count V[6] of the Amended Complaint, should be dismissed without

prejudice under Rule 12(b)(6), as alleged against both Defendants. However, the Court will give

Plaintiff an opportunity to file a Second Amended Complaint alleging retaliation by April 2,

2012. Finally, the Court will grant Defendant Rose's Motion to Dismiss Plaintiff's contract law

claims, as alleged in Count VI and Count VII of the Amended Complaint, because Plaintiff has

---

[5] For purposes of this discussion, the Court will refer to Plaintiff's claims as numbered in the seven counts of Plaintiff's Amended Complaint.

[6] In Count V, Plaintiff brings claims for "discriminating and retaliating against Plaintiff and terminating Plaintiff's employment" in violation of the NMHRA. Amended Complaint ¶¶ 54-57. The Court will dismiss without prejudice only the portion of Count V that alleges a claim for retaliation.

not alleged that Defendant Rose was a party to any contract with Plaintiff.

## A.    Standard under Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true, viewing the allegations in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted).

**B.      Plaintiff's Retaliation Claims Against Both Defendants Will Be Dismissed Without Prejudice, and Plaintiff May File a Second Amended Complaint.**

In the Supplemental Brief, Defendant Rose asks the Court to dismiss Plaintiff's

retaliation claims against both Defendants.[7] Supplemental Brief at 5. Plaintiff appears to allege

retaliation in Count IV and in part of Count V of the Amended Complaint. Under Count IV,

labeled "RETALIATION,"  Plaintiff alleges that she "complained of and spoke out about

discrimination and the hostile work environment in the workplace and was retaliated against by

Defendant Oso Bio." Amended Complaint ¶ 52. Plaintiff does not specify whether she is

bringing Count IV of the Amended Complaint under a statute, e.g., Title VII, or whether she is

asserting a common law claim, e.g., a claim for retaliatory discharge. In Count V, labeled "NEW

MEXICO HUMAN RIGHTS ACT," Plaintiff alleges that "Defendants Oso Bio and Rose

engaged in unlawful employment practices by . . . retaliating against Plaintiff and terminating

Plaintiff's employment." *Id.* ¶ 55.

Defendant Rose argues that the Court should dismiss Plaintiff's retaliation claims under

Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff failed to exhaust her

administrative remedies with respect to any statutory retaliation claim. Supplemental Brief at 5;

*see* Motion to Dismiss at 6 n.2; *see also* Fed. R. Civ. P. 12(b)(1) (permitting a party to raise by

motion the Court's lack of subject matter jurisdiction). Defendant Rose attached Plaintiff's

Charge of Discrimination form as an exhibit to his Motion to Dismiss in order to demonstrate

---

[7] Defendant Rose states that Defendant Oso Bio will file a separate motion seeking dismissal of the retaliation claims against Defendant Oso Bio if the Court does not grant the relief Defendant Rose seeks in the Supplemental Brief. Supplemental Brief at 5 n.3.

that Plaintiff failed to allege retaliation in an administrative proceeding.[8] *See* Doc. No. 10-1, at 3.

In Defendant Rose's view, Plaintiff's failure to exhaust her administrative remedies with regard

to retaliation deprives the Court of subject matter jurisdiction over any statutory retaliation

claims. Supplemental Brief at 5; Answer to Amended Complaint ¶¶ 68, 70.

The Court has reviewed Plaintiff's retaliation claims as alleged in the Amended

Complaint and concludes that Plaintiff has failed to state a claim of retaliation "for which relief

can be granted." Fed. R. Civ. P. 12(b)(6). In the Amended Complaint, Plaintiff asserts that she

"complained of co-workers receiving preferential treatment and of extra-marital affairs and

sexual flirtations in the workplace" as well as "discrimination, sexual harassment, and the hostile

work environment." Amended Complaint ¶¶ 25-27. Additionally, Plaintiff alleges that

Defendants terminated her employment and denied her Oso Bio Shares and bonuses. *Id.* ¶¶ 31,

33. But although Plaintiff states that she "complained" about conditions at work, Plaintiff fails to

explain how, when, where, or to whom she complained. Plaintiff does not state whether she

brought any complaint to the attention of Defendant Rose, or someone under Defendant Rose's

supervision. And Plaintiff has not alleged that her complaints had any causal connection to any

adverse employment action taken against her.

Moreover, Plaintiff does not allege in the Amended Complaint that she exhausted her

administrative remedies for a statutory retaliation claim by first alleging retaliation before the

---

[8] The Court is permitted under Rule 12(b)(1) to consider material outside the Amended
Complaint, including Plaintiff's Charge of Discrimination form, in order to determine whether
the Court has subject matter jurisdiction over any statutory retaliation claims. *See Sizova v. Nat'l
Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (explaining that when "a
party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction
depends," the court may consider evidence outside the complaint without converting "the motion
to one for summary judgment").

EEOC or the New Mexico Human Rights Bureau. In the Tenth Circuit, "the exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Sizova*, 282 F.3d at 1325. Likewise, "NMHRA claims require administrative exhaustion before a plaintiff can bring suit."[9] *Lobato*, 2012-NMSC-002, ¶ 10.

Although Plaintiff appears to allege retaliation in Count IV and part of Count V of the Amended Complaint, the details of any retaliation claim are plead in such a manner that the Court cannot discern whether Plaintiff's retaliation claims are plausible or whether the Court has subject matter jurisdiction over the claims. The Court finds that the best approach under these circumstances is to dismiss without prejudice Plaintiff's retaliation claims, as stated in Count IV and part of Count V of the Amended Complaint, in their entirety against both Defendants. Although Defendant Oso Bio has not moved the Court for dismissal of Plaintiff's retaliation claims, the Court finds that the inadequacies in Plaintiff's Amended Complaint combined with the procedural history of this case warrant the Court's sua sponte dismissal of Plaintiff's retaliation claims against both Oso Bio and Defendant Rose.

To ensure that Plaintiff has a full and fair opportunity to assert any meritorious claim for retaliation she may have, the Court will grant Plaintiff leave to file a Second Amended

---

[9] It appears that the New Mexico Supreme Court has not ruled on the issue of whether the exhaustion of administrative remedies is a jurisdictional prerequisite or a non-jurisdictional prerequisite to suit under the NMHRA. *See, e.g.*, *Lobato*, 2012-NMSC-002, ¶ 12 (explaining that "[t]he doctrine of administrative exhaustion arose as a way to coordinate the roles of the administrative and judicial branches" and that "rigid adherence to administrative exhaustion is not required in circumstances where the doctrine is inappropriate"); *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238, 22 P.3d 1188 ("Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party."); *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 20, 127 N.M. 282, 980 P.2d 65 ("[A] failure to exhaust administrative remedies *may* mean that the district court lacks subject-matter jurisdiction." (emphasis added)).

Complaint that cures the defects in Plaintiff's retaliation claims, as alleged in Count IV and part

of Count V of the Amended Complaint. *See generally Hall v. Bellmon*, 935 F.2d 1106, 1109-10

(10th Cir. 1991) (explaining that a court may dismiss a complaint sua sponte under Rule

12(b)(6)); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (adopting "the majority view

that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment

comports with due process and does not infringe the right of access to the courts"). Before filing

a Second Amended Complaint, Plaintiff and her counsel must determine whether Plaintiff can

allege a retaliation claim consistent with Rule 11, Rule 12(b)(1), and Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Under Rule 12(b)(6), Plaintiff's Second Amended Complaint,

if she files one, must include enough facts to state plausible claim of retaliation, *Twombly*, 550

U.S. at 570, including "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949 (quotation marks

and citations omitted). Additionally, if Plaintiff files a Second Amended Complaint, Plaintiff

must either demonstrate that Plaintiff has complied with the administrative exhaustion

requirement or explain why there was no need for Plaintiff to exhaust her administrative

remedies before bringing a retaliation claim in district court. Plaintiff may file a Second

Amended Complaint consistent with this Memorandum Opinion and Order by April 2, 2012.

## C.      Plaintiff's Contract Claims: Count VI for Breach of Contract and Count VII for Breach of the Covenant of Good Faith and Fair Dealing

Defendant Rose moves the Court to dismiss Plaintiff's contract law claims, as alleged in

Count VI and Count VII of the Amended Complaint, under Rule 12(b)(6). *See* Motion to

Dismiss at 1, 6-7; Reply at 6-7. Defendant Rose argues that he cannot be liable to Plaintiff for

breach of contract or breach of the covenant of good faith and fair dealing because Defendant

Rose was not Plaintiff's employer and there was no contract between Plaintiff and Defendant Rose.

To prevail on Plaintiff's contract law claims against Defendant Rose as alleged in Count VI and Count VII of the Amended Complaint, Plaintiff has the burden of showing that Defendant Rose was a party to a contract with Plaintiff. *See Kreischer v. Armijo*, 118 N.M. 671, 674, 884 P.2d 827, 830 (Ct. App. 1994) (explaining that to prevail on a breach of contract claim, "Plaintiff had the burden of showing that Defendant was a party to the contract"); *see also* Restatement (Second) of Agency § 320 cmt. b ("One bringing an action upon a contract has the burden of showing that the other is a party to it."). But the only contract that Plaintiff references in the Amended Complaint is the employment contract between Oso Bio and Plaintiff. *See* Amended Complaint ¶¶ 12, 32-33, 59-60. Plaintiff does not contend that Defendant Rose was a party to the employment contract. *See id.* ¶ 12.

Instead, Plaintiff argues that Defendant Rose is liable on the employment contract between Plaintiff and Oso Bio because Defendant Rose acted as the "alter ego," i.e., an agent, of Oso Bio. Response at 6. For support, Plaintiff cites *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir. 1993). In *Sauers*, the Tenth Circuit explained that if an individual supervisor "exercises significant control over the plaintiff's hiring, firing or conditions of employment," then the "individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual." *Id.* at 1125.

Plaintiff's argument lacks merit. Under *Sauers* and general principles of agency law, if Defendant Rose operated "as the alter ego" of Oso Bio, then Oso Bio is liable for any unlawful employment practices of Defendant Rose. *See id.*; *see also San Juan Agricultural Water Users Assoc. v. KNME-TV*, 2011-NMSC-011, ¶ 21, 150 N.M. 64, 257 P.3d 884 ("Generally, a person

14

may appoint an agent to do the same acts and to achieve the same legal consequences by the performance of an act as if he or she had acted personally . . . . Unquestionably, insofar as an agent's acts are within the agent's authority they are in legal contemplation the acts of the principal." (quotation marks, citations and brackets omitted)). Defendant Rose is not liable on Plaintiff's employment contract with Oso Bio merely because Defendant Rose acted as an agent for Oso Bio. *See Romero v. Mervyn's*, 109 N.M. 249, 254, 784 P.2d 992, 997 (1989) ("When an agent with the authority to do so negotiates a contract for a disclosed principal, the agent is not liable personally unless the agent expressly is made a party to the contract or the agent acts in a manner indicating an intent to be bound personally."); *see also Kreischer*, 118 N.M. at 674, 884 P.2d at 830 ("[A]n agent for a disclosed principal is not a party to any contract entered into on behalf of the principal.").

Plaintiff has failed to demonstrate that Defendant Rose is liable on Plaintiff's employment contract with Oso Bio. Accordingly, Plaintiff has not stated a legally cognizable claim against Defendant Rose for breach of contract or breach of the covenant of good faith and fair dealing. Plaintiff's contract law claims against Defendant Rose, as alleged in Count VI and Count VII of the Amended Complaint, will be dismissed with prejudice.

**IT IS ORDERED THAT** Defendant Stuart Rose's MOTION TO DISMISS (Doc. No. 11) is granted in part and denied in part as follows:

1.  Defendant Rose's Motion to Dismiss Count I, Count II, and Count III of Plaintiff's Amended Complaint is denied as moot;

2.  Count IV of Plaintiff's Amended Complaint is dismissed against Defendant Rose and Defendant OsoBiopharmaceuticals, LLC, without prejudice;

3.  Plaintiff's retaliation claim under the New Mexico Human Rights Act, as alleged in part of Count V of the Amended Complaint, is dismissed against Defendant Rose and Defendant OsoBiopharmaceuticals, LLC, without prejudice;

4.  Defendant Rose's Motion to Dismiss Plaintiff's discrimination claim under the New Mexico Human Rights Act, as alleged in part of Count V of the Amended Complaint, is denied as moot;

5.  Defendant Rose's Motion to Dismiss Count VI and Count VII of the Amended Complaint is granted with regard to Defendant Rose;

6.  Count VI and Count VII of the Amended Complaint are dismissed with regard to Defendant Rose, with prejudice; and

7.  Plaintiff may file a Second Amended Complaint consistent with this MEMORANDUM OPINION AND ORDER by April 2, 2012.

_____

UNITED STATES DISTRICT COURT JUDGE